UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------x
NAVID AHMED,

                  Plaintiff,

-against-

THE CITY OF NEW YORK; D.O.C. FOR
THE CITY OF NEW YORK; and TURHAN
GUMUSDERE,[1] Warden, AMKC,

                  Defendants.
---------------------------------------------------------x

NOT FOR PUBLICATION
**ORDER**
14-CV-6080 (CBA) (SJB)

**AMON, United States District Judge:**

The Court has received the Report and Recommendation ("R&R") of the Honorable Lois Bloom, United States Magistrate Judge,[2] for the instant action filed by pro se Plaintiff Navid Ahmed. For the reasons stated below, the Court adopts the R&R in large part and dismisses Plaintiff's claims.

As a practicing Muslim who was detained at Anna M. Kross Center ("AMKC") in Rikers Island, Plaintiff asserts First Amendment claims against the named Defendants under 42 U.S.C. § 1983, contending that on or around July 17, 2014, they prevented him and his wife, his permitted guest, from attending a celebratory meal for Eid ul Fitr, a holiday that marks the end of 30 days of fasting during Ramadan. (See D.E. # 1 at 8; D.E. # 4 at 3.) The Complaint lists Plaintiff's place of detainment as AMKC, 1818 Hazel Street, East Elmhurst, New York 11370 (the "AMKC address"). (D.E. # 1.) The Complaint was filed with the Court on October 14, 2014. (Id.)

---

[1] In the Complaint, Plaintiff named "Turhan Gumsdere" as a Defendant. (See D.E. # 1.) Plaintiff has not formally filed a motion to amend the caption, but in a January 8, 2016, letter, he stated that the last name of Defendant is "Gumusdere." (See D.E. # 20.) The Court treats the letter as a motion for leave to amend the caption from "Turhan Gumsdere" to "Turhan Gumusdere," and the Court finds that the requirements for Federal Rule of Civil Procedure 15 are satisfied. See Fed. R. Civ. P. 15(a) (noting that leave to amend "shall be freely given when justice so requires"). The Clerk of Court is directed to amend the caption as such.

[2] On September 22, 2017, the case was reassigned to the Honorable Sanket J. Bulsara, United States Magistrate Judge. (D.E. dated Sept. 22, 2017.)

1

In a Memorandum and Order dated June 22, 2015, the Court granted Plaintiff's request to proceed in forma pauperis, dismissed the First Amendment claims against Defendants The City of New York and D.O.C. for The City of New York, and permitted the First Amendment claim against Defendant Turhan Gumusdere ("Gumusdere"). (See D.E. # 4.) A copy of the Memorandum and Order was sent to Plaintiff's AMKC address, but it was returned to the Court as undeliverable. (See D.E. # 6.) In a letter to the Court dated September 4, 2015, Gumusdere's counsel represented that Plaintiff was released from custody on February 10, 2015, and that Plaintiff "has not provided Defendant or the Court with an updated means of contact." (D.E. # 7 at 1.) On September 8, 2015, Magistrate Judge Bloom noted that, "[s]hould plaintiff fail to contact the Court to provide a current address by October 9, 2015, [she] will recommend that this case should be dismissed without prejudce." (D.E. # 8 at 1–2.) A copy of Magistrate Judge Bloom's September 8, 2015, Order was sent to Plaintiff's AMKC address, and it was returned as undeliverable. (D.E. # 9.)

On October 9, 2015, Gumusdere filed a letter motion to dismiss for lack of prosecution because Plaintiff "has not advised either the Court or [Gumusdere's counsel] of his current whereabouts." (D.E. # 11.) In an Order dated October 22, 2015, Magistrate Judge Bloom denied the motion, noting that Plaintiff "has apparently been re-incarcerated," and "remind[ing]" Plaintiff "that it is his responsibility to keep the Court informed of his current address." (D.E. # 12.) She also granted Gumusdere's motion for an extension of time to answer by November 6, 2015. (Id.) A copy of Magistrate Judge Bloom's October 22, 2015, Order was mailed to Plaintiff's AMKC address, and it was returned as undeliverable. (See D.E. # 16.) Gumusdere filed a motion to dismiss for failure to state a claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure.

(D.E. # 13–15.) In a Scheduling Order dated November 9, 2015, the Court gave Plaintiff until January 8, 2016, to respond to Gumusdere's motion. (D.E. dated Nov. 9, 2015.)

On November 13, 2015, Magistrate Judge Bloom received an undated letter by Plaintiff that included the address "50 Jay Street, Brooklyn, NY, 11201" (the "Jay Street address"). (D.E. # 17.) In the letter, Plaintiff clarified that he had been detained in Rikers Island "for a few months" after the alleged incident, that he had not received a response to his Complaint, and that he "still would like to proce[ed] with this case." (Id.) In his opposition brief filed February 4, 2016, Plaintiff included the Jay Street address and a contact phone number; added a claim against Gumusdere under the Religious Land Use and Institutionalized Persons Act ("RLUIPA"), 42 U.S.C. §§ 2000cc et seq.; and otherwise addressed Gumusdere's arguments for dismissal. (D.E. # 21.) In a Memorandum and Order dated September 26, 2016, the Court dismissed the RLUIPA claim on mootness grounds but allowed the First Amendment damages claim to proceed. (See D.E. # 24 at 8.) Magistrate Judge Bloom issued a Scheduling Order on September 27, 2016, setting deadlines for Gumusdere's answer and the initial pretrial conference. (D.E. # 25.) Copies of the Court's September 26, 2016, Memorandum and Order and Magistrate Judge Bloom's September 27, 2016, Scheduling Order were sent to Plaintiff at his Jay Street address, but they were returned as undeliverable. (D.E. # 28–29.)

Gumusdere answered the Complaint, and on October 31, 2016, his counsel appeared at the initial pretrial conference. (D.E. # 26, 30.) However, Plaintiff did not appear at the conference. (D.E. # 30.) Moreover, Gumusdere's counsel notified Magistrate Judge Bloom that he had mailed a copy of the answer to Plaintiff but that it was returned as undeliverable. (See D.E. # 31 at 1.) In an Order dated November 3, 2016, Magistrate Judge Bloom warned that, even with pro se litigants, "[i]t is plaintiff's responsibility to keep the Court informed of his current address," and that, "[i]f

3

plaintiff fails to contact the Court to provide a current address by" December 2, 2016, she "will recommend that this action should be dismissed." (Id. at 1–2.) A copy of Magistrate Judge Bloom's November 3, 2016, Order was sent to Plaintiff's Jay Street address, and it was returned as undeliverable. (D.E. # 32.) On December 23, 2016, Magistrate Judge Bloom issued the R&R now before the Court, noting that Plaintiff failed to contact her and recommending that this Court dismiss Plaintiff's action without prejudice. (D.E. # 33 at 4.) A copy of the R&R was delivered to Plaintiff's Jay Street address, and there is no record of the copy being returned as undeliverable.

No party has objected to the R&R, and the time for doing so has passed. The Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). To accept portions of the R&R "to which no timely objection has been made, a district court need only satisfy itself that there is no clear error on the face of the record." Jarvis v. N. Am. Globex Fund, L.P., 823 F. Supp. 2d 161, 163 (E.D.N.Y. 2011) (quoting Wilds v. United Parcel Serv., 262 F. Supp. 2d 163, 169 (S.D.N.Y. 2003)).

The Court adopts the Magistrate Judge Bloom's carefully reasoned R&R in all but one point. Magistrate Judge Bloom noted that "[t]he Court has no other contact information for plaintiff other than the mailing address on the docket listed as 50 Jay Street, Brooklyn, New York." (D.E. # 33 at 4.) This observation was clearly erroneous; Plaintiff provided his contact phone number in his opposition brief to Gumusdere's motion to dismiss, (see D.E. # 21 at 1).

However, the Court finds no error—let alone a clear one—in recommending dismissal based on Plaintiff's failure to prosecute. In reviewing such dismissals, the Second Circuit considers "five principal factors": (1) "the duration of the plaintiff's failures"; (2) "whether plaintiff had received notice that further delays would result in dismissal"; (3) "whether the defendant is likely to be prejudiced by further delay"; (4) "whether the district judge has taken care

4

to strike the balance between alleviating court calendar congestion and protecting a party's right to due process and a fair chance to be heard"; and (5) "whether the judge has adequately assessed the efficacy of lesser sanctions." Shannon v. Gen. Elec. Co., 186 F.3d 186, 193–94 (2d Cir. 1999) (quoting Nita v. Conn. Dep't of Envtl. Prot., 16 F.3d 482, 485 (2d Cir. 1994)). However, Magistrate Judge Bloom correctly stated that this Court "need only provide an explanation for the dismissal rather than discuss all" five factors. (D.E. # 33 at 4 n.3 (citation omitted).)

Upon review of the record, the Court commends Magistrate Judge Bloom for her remarkable patience with Plaintiff over the course of the litigation. Despite the leeway he has received, Plaintiff "has not contacted the Court since February 2016"; multiple orders sent to his last known addresses have been returned as undeliverable; "Plaintiff has failed to respond to two Court orders"; and Plaintiff has been "explicitly warned twice that if he failed to contact the Court, [Magistrate Judge Bloom] would recommend dismissal." (D.E. # 33 at 4 & n.3.) As Magistrate Judge Bloom correctly explained, (see D.E. # 33 at 3–4), the weight of authority in this Circuit holds that cases "cannot proceed without a current address for the plaintiff[,] and [that] failure to maintain such an address with the Court is a ground for" dismissal without prejudice, see, e.g., Laney v. Ramirez, No. 10-CV-9063 (JGK), 2011 WL 6594491, at *1 (S.D.N.Y. Dec. 22, 2011); Whitaker v. N.Y.C. Police Dep't, No. 86-CV-238 (SWK), 1989 WL 37678, at *1 (S.D.N.Y. Apr. 11, 1989). Even though the Court had access to Plaintiff's phone number, there is no obligation on the part of the Court, the Clerk of Court, the Pro Se Office, or Magistrate Judge Bloom to call him and keep him apprised of court developments. This is Plaintiff's claim to prosecute, and "the very fact that [Plaintiff] has been inaccessible [since February 2016]—without notifying the Court, [Gumusdere], or the Pro Se Office of a change of address—strongly suggests that he is not diligently pursuing this claim." Dong v. United States, No. 02-CV-7751 (SAS), 2004 WL 385117,

at *3 (S.D.N.Y. Mar. 2, 2004). Plaintiff's "totally unexplained disappearance is manifestly unreasonable, and therefore presumptively prejudices" Gumusdere. Id. (citations omitted). "There is no reason for this case to languish on the Court's docket or to hang over the head of [Gumusdere] if [Plaintiff] is unwilling or unable to prosecute it." Id. Or, as Magistrate Judge Bloom put it, "Plaintiff has apparently abandoned the action and it would be futile to allow the case to continue." (D.E. # 33 at 4.)

Therefore, the Court adopts in large part Magistrate Judge Bloom's R&R and dismisses Plaintiff's remaining First Amendment claim against Gumusdere without prejudice. Pursuant to 28 U.S.C. § 1915(a)(3), the Court DENIES in forma pauperis status for any appeal of this Order adopting in large part Magistrate Judge Bloom's R&R, and the Court CERTIFIES that any such appeal would not be taken in good faith. See Coppedge v. United States, 369 U.S. 438, 444–45 (1962).

The Clerk of Court is also directed to close this case.

SO ORDERED.

Dated: November 15, 2017
Brooklyn, New York

s/Carol Bagley Amon

Carol Bagley Amon
United States District Judge